**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | Case No. CR-10-225 (CKK) |
| v. | ) | |
| | ) | |
| STEPHEN JIN-WOO KIM, | ) | |
| | ) | |
| Defendant. | ) | |

**JOINT STATUS REPORT**

Defendant Stephen Kim and the United States of America (collectively, the "parties"),

through their undersigned counsel, submit this Joint Status Report pursuant to the Court's

December 13, 2012, Order.

**I.      Security Issues**

    A.      Clearances

There have been no changes since the last status report.

    B.      Protective Orders/MoUs

There have been no changes since the last status report.

**II.     Discovery**

    A.      Classified & Unclassified Discovery

Since the last Status Hearing, the United States has made one additional production of 35

Bates-numbered pages of classified material to the defense, consisting of an FBI 302 and

underlying agents' notes, six emails, a spreadsheet, and badge records for two individuals.  In

total, the United States has produced approximately 3,238 pages of classified discovery in this

matter.  In total, the United States has produced approximately 16,286 pages of unclassified

material produced to date in this matter.  With respect to much of this material (classified and

unclassified), the United States has produced it to the defense notwithstanding the government's belief that such production exceeds its discovery obligations at this time.

      B.     <u>CIPA § 4 Motions</u>

On May 31, 2013, the Court ruled on the government's <u>Ex</u> <u>Parte</u> CIPA § 4 Motions.  The United States believes that it has produced all of the discovery ordered by the Court in the Court's May 31st CIPA § 4 ruling.  The classified discovery mentioned above includes this material.

      C.     <u>Motions to Compel Discovery</u>

         1.     <u>Discovery ordered by the Court</u>

On May 31, 2013, the Court ruled on the defendant's Motions to Compel Discovery.  The Court denied two of the defendant's Motions in their entirety and granted two of the Motions in part.  The United States believes that it has produced all of the discovery ordered by the Court in the Court's May 31st ruling on the defendant's Motions to Compel; the classified discovery mentioned above includes this material.  The defense, however, does not agree and submits that further motions practice will be necessary.

         2.     <u>Discovery requests dated June 14, 2013</u>

Per the Court's prior Order, on June 14, 2013, the defense provided the United States with a classified letter containing 27 separate requests (counting paragraphs and sub-paragraphs). The defense based these requests on the Court's rulings.  As required by the Court's prior Order, a courtesy copy was provided to the Court.  The parties held a meet-and-confer session on June 18th, to discuss the defense's June 14th discovery requests.  On July 2nd, the United States responded in writing to the defense's letter.  In its response, the United States provided responses to 23 of the 27 separate requests and advised the defense that it was continuing to work with the

Intelligence Community regarding the remaining 4 requests.  The United States intends to file a Notice of Filing on Monday, July 8th, attaching all discovery correspondence since the last such Notice of Filing.  The defense has reviewed the government's responses and believes that additional motions practice will be necessary.  The parties have proposed a schedule for additional motions practice below.

       3.      <u>Email search protocol</u>

On May 30, 2013, the Court entered an Order on the defendant's First Motion to Compel Discovery (Regarding Additional Source Documents), directing the United States to provide additional information about its search of government email.  On June 6th, the United States filed its response to the Court's Order through the Classified Information Security Officer.  On June 14th, the defense provided the United States with a classified letter, explaining the defense's view that the email search protocol was inadequate to comply with the government's discovery obligations.  The defense provided a courtesy copy to the Court through the Classified Information Security Officer.  On June 19th, the United States filed a supplement to its response and an <u>ex parte</u> addendum.  Both June 19th filings were made through the Classified Information Security Officer.  The defense believes that the government's email search protocol was inadequate.

       4.      <u>Public versions of pleadings</u>

At the last Status Hearing, the Court also addressed classification review of the pleadings and its rulings on the defendant's Motions to Compel.  The defense noted that redacted versions of its motions, which were filed on February 11, 2013, still had not appeared on the public docket.  The United States also noted that it welcomed the appearance on the public docket of

redacted versions of the pleadings and the Court's rulings.  At the June 4th Status Hearing, the Court expressed some expectation that that matter would be resolved soon.

        D.      <u>Motion for Reconsideration</u>

On June 28, 2013, the defense filed a Motion for Reconsideration of the Court's Order, denying the defense's Third Motion to Compel (regarding "national defense information").  On July 1st, the Court scheduled briefing on the defense's Motion for Reconsideration, requiring the United States to file its response on or before July 12 and the defense to file any reply no later than July 17.

        E.      <u>Access to classified pleadings from prior case</u>

At the last Status Hearing, the Court addressed defense counsel's request to obtain access to classified pleadings that they drafted and filed in the Eastern District of Virginia (<u>United States v. Steven Rosen and Keith Weissman</u>).  The United States advised the Court that it was the undersigned prosecutors' understanding that these classified pleadings were voluminous, that these pleadings implicated national security sub-compartments to which defense counsel no longer have access, and that the Intelligence Community would have to consider whether and how to provide renewed access to defense counsel for purposes of this case.  The Court directed the defense to provide the United States with a list of the docket items from that case to which counsel (Mr. Lowell and Mr. Keith Rosen) are requesting access.  The defense provided the undersigned prosecutors with that list on June 12, 2013.  In turn, the undersigned prosecutors provided that list to the Intelligence Community that same day.  Defense counsel have not yet received a response from the Intelligence Community or access to their prior pleadings.

F.      Preparations for CIPA

        1.      "Trial-ready" documents

The United States expects to produce to the defense shortly, but no later than July 16, 2013, a binder of classified documents that will be declassified for use at trial once the jury is sworn in this case.  Among other items, these documents include the intelligence report referred to in the Indictment and the FBI 302s from interviews of the defendant.  The defense received versions of these documents very early in classified discovery in this case.  The government's "trial-ready" set of these documents will contain some additional substitutions and redactions in anticipation of their declassification for use at trial.

The United States anticipates that providing its "trial-ready" set of these documents at this juncture will streamline CIPA §§ 5 and 6 proceedings, as there will be no need for the defendant to notice these "trial-ready" classified documents.  The defense has noted its concerns that these "trial-ready" documents will apparently contain additional substitutions and redactions that have not yet been agreed to by the defense, or approved by the Court.  The defense notes that the normal practice in CIPA cases is not for the government to unilaterally make such substitutions and redactions.  Rather, substitutions and redactions typically take place with Court approval during proceedings under CIPA § 6(c).  It is not clear to the defense at this stage whether these documents are "trial-ready," nor is it clear to the defense to what extent these documents will still require analysis under CIPA §§ 5, 6 as a result of the government's substitutions and redactions.  The United States believes that it can only streamline CIPA litigation to proceed in this fashion; in any event, the defense will have the opportunity to compare the "trial-ready" set with the versions of these same documents that were produced in

classified discovery early in this case and then decide how it wishes to proceed with its first CIPA § 5 notice, due July 30th.

2.      Classification review requested by the defense

At the last Status Hearing on June 4, 2013, the Court ordered the defendant to file his first notice under CIPA § 5 on July 30th. The Court also ordered the parties to continue to meet and confer regarding certain documents produced as part of classified discovery that were marked "treat as" classified but that do not otherwise contain classification markings, a procedure that the parties agree was reasonable for purposes of expediting discovery. The United States expects to produce to the defense shortly, but no later than July 16, those "treat as" documents that are susceptible to a relatively quick classification review. On June 14th, the parties held a meet-and-confer session to discuss other "treat as" documents that are not susceptible to quick classification review, principally the defendant's own writings and related materials. The defense agreed to review these materials and advise the United States whether certain materials did not need to undergo classification review at this time, provided that the parties and the Court agree that the defendant can reserve his right to notice any such materials under CIPA § 5 at a later time if necessary. The parties would like to discuss this issue with the Court at the next Status Hearing.

Relatedly, the United States notes that at the last Status Hearing the defense referred to classification of the identity of the reporter (James Rosen) and the news organization (Fox News) as associated with this case. Two days later, on June 6th, the United States filed a Notice of Declassification, advising the Court, the defense, and the defendant that the following facts have been declassified: the "reporter for a national news organization" to whom the defendant is alleged to have made an unauthorized disclosure of national defense information, as charged in

Count One of the Indictment [ECF Docket No. 3], is James Rosen of Fox News.  On June 7th,

the defense requested that that United States advise what documents produced in classified

discovery were classified solely because they contained the name of the reporter (James Rosen)

or the news organization (Fox News).  The United States is expeditiously reviewing materials

produced in classified discovery to respond to this defense request.  Based on current estimates,

the United States expects to provide a rolling response to the defense's June 7th request over the

next several weeks.

### III.     Proposed CIPA and Motion to Compel Schedule

A.     CIPA Schedule

The parties propose the following CIPA schedule:

- The defense shall file its first CIPA § 5 notice on July 30, 2013.

- The United States shall file any objections to the adequacy of the defense's first CIPA § 5 notice no later than August 16.

- The Court shall hold a status hearing, or tele-conference, the week of August 19, 2013, to set deadlines for:  (1) the government's CIPA § 6(a) motion on the defendant's first CIPA § 5 notice; and (2) the defendant's second CIPA § 5 notice.

B.     Motions Schedule

The United States proposes the following briefing schedule for any additional Motions to

Compel:

- The defense shall file its Motions to Compel on July 23, 2013.

- The United States shall file its response no later than August 16.

- The defense shall file any reply no later than August 23.

The defense proposes the following briefing schedule for any additional Motions to

Compel:

- The defense shall file its Motions to Compel on July 23, 2013.

- The United States shall file its response no later than August 6.

- The defense shall file any reply no later than August 13.

## IV.  Witness Issues

### A.  Fact Witnesses

There have been no changes since the last status report.

### B.  Expert Witnesses

There have been no changes since the last status report.

## V.  Motions

### A.  Dispositive Motions

On August 24, 2011, the Court denied three pretrial motions filed by the defense.  The defense's fourth pretrial motion, a motion to suppress statements, remains pending before the Court.

## VI.  Trial

There are complex and sensitive issues that are likely to be raised in CIPA proceedings in this case.  As well, delays are frequently concomitant with that process.  The parties will endeavor to prepare this case for trial in the fourth quarter of 2013, but believe that it is

unlikely that this case will be ready for trial before the first quarter of 2014.

Dated:  July 5, 2013                           Respectfully submitted,

                                              /s/_____
                                              G. Michael Harvey (D.C. Bar No. 447465)
                                              Jonathan M. Malis (D.C. Bar No. 454548)
                                              Assistant United States Attorneys
                                              United States Attorney's Office
                                              555 4th Street, N.W., 11th Floor
                                              Washington, D.C.  20530
                                              (202) 252-7810 (Telephone) (Harvey)
                                              (202) 252-7806 (Telephone) (Malis)
                                              (202) 252-7792 (Facsimile)
                                              Michael.Harvey2@usdoj.gov
                                              Jonathan.M.Malis@usdoj.gov


                                              /s/_____
                                              Deborah A. Curtis (CA Bar No. 172208)
                                              Trial Attorney
                                              Counterespionage Section
                                              U.S. Department of Justice
                                              600 E Street, N.W.
                                              Washington, D.C.  20005
                                              (202) 233-2113 (Telephone)
                                              Deborah.Curtis@usdoj.gov


                                              *Counsel for the Government*

                                              /s/_____
                                              Abbe D. Lowell (D.C. Bar No. 358651)
                                              Keith M. Rosen (D.C. Bar No. 495943)
                                              Scott W. Coyle (D.C. Bar No. 1005985)
                                              CHADBOURNE & PARKE LLP
                                              1200 New Hampshire Avenue, N.W.
                                              Washington, D.C.  20036
                                              (202) 974-5605 (Telephone) (Lowell)
                                              (202) 974-5687 (Telephone) (Rosen)
                                              (202) 974-5713 (Telephone) (Coyle)
                                              (202) 974-6705 (Facsimile)
                                              ADLowell@Chadbourne.com
                                              KRosen@Chadbourne.com
                                              SCoyle@Chadbourne.com


                                              *Counsel for Defendant Stephen Kim*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 5, 2013, I caused a true and correct copy of the foregoing be

served via the Court's ECF filing system to all counsel of record in this matter.

           /s/_____
           Jonathan M. Malis
           Assistant United States Attorney