

U.S. Department of Justice

Ronald C. Machen Jr.
United States Attorney

*District of Columbia*

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C. 20530*

June 3, 2013

**Via U.S. Mail and Email**
Abbe D. Lowell, Esq.
Chadbourne & Parke LLP
1200 New Hampshire Avenue, NW
Washington, D.C. 20036

    Re:    United States v. Stephen Jin-Woo Kim, No. 10-255 (CKK)

Dear Mr. Lowell:

    We write in response to a recent defense request for classified material, as memorialized in an email from your co-counsel, Keith Rosen, to the undersigned prosecutors, dated May 23, 2013. In that email, the defense requested access to the prior classified pleadings in the criminal prosecution of Stephen Rosen. The defense notified the undersigned prosecutors that two of the three counsel of record in the instant prosecution of Stephen Kim in the District of Columbia (hereinafter, "the Kim case") were also counsel of record for defendant Rosen in that prosecution in the Eastern District of Virginia (hereinafter, "the Rosen case"), namely Messers. Lowell and Rosen.

    As requested, we conveyed to the pertinent Intelligence Community equity-holders in the Rosen case (hereinafter, "the Intelligence Community") the defense's request for access to the prior classified pleadings in the Rosen case exactly as it was presented to us. We note that, prior to conveying that request, we had asked you whether the defense wished to provide additional information and/or identify particular classified documents from the Rosen case that the defense seeks. You asked, and we obliged, that the defense's request be conveyed as written in Mr. Rosen's email.

    After having consulted with the Intelligence Community, we can advise you of the following. As we do so, please note that we are merely conveying information back to you. The Intelligence Community has informed us that it does not have sufficient information to act upon your request as it is currently formulated, as there is no specificity as to what classified materials are being sought, the purpose of the request for access and review (i.e., the need to know), and who would be granted access to these classified materials. The Intelligence Community has further informed us that, given the

substantial amount of classified discovery and classified pleadings in the Rosen case, it has concerns about the sensitivity and number of classified information compartments at issue in the classified pleadings in that case. Therefore, the Intelligence Community has informed us that it cannot simply agree to turn over classified pleadings from the Rosen case to counsel of record in the Kim case.

The Intelligence Community has also noted that Messers. Lowell and Rosen may have been read into classified information compartments as appropriate for the Rosen case, but they would no longer have authorized access to most, if not all, of those compartments. The Intelligence Community has observed that Messers. Lowell and Rosen would need to be granted access to those compartments anew on a need-to-know basis. The Intelligence Community has further observed that any additional defense counsel who did not have access to the classified pleadings in the Rosen case (presumably the third counsel of record in the Kim case, Mr. Scott Coyle) must also demonstrate a need to know. According to the Intelligence Community, opening up access to additional counsel posits an additional level of concern, because that individual or those individuals never had access to the classified information at issue and the Intelligence Community would be exposing the classified information further than ever envisioned in the context of the Rosen case. So too, the Intelligence Community has noted that granting renewed access to Messrs. Lowell and Rosen and/or first-time access to Mr. Coyle or others on the defense team in the Kim case would in turn engender still further requests for the government attorneys on the prosecution team in the Kim case also to have access. The Intelligence Community has said that this places a burden on it with respect to protecting its classified information.

Moreover, the Intelligence Community has advised that it believes that the defense's request for renewed access to the classified pleadings in the Rosen case could create a dangerous precedent. From the Intelligence Community's perspective, it would have to consider the indeterminate risk that classified information that is to be disclosed in the context of a specific case could also be disclosed in the context of future, unknowable cases, whenever defense counsel would seek such renewed access.

Despite these expressed concerns, the Intelligence Community has conveyed to us that if there is a sufficiently tailored request upon which it can make a determination, i.e., a request that is limited in scope and articulates a rationale as to why particular counsel needs access to the classified information, then the Intelligence Community would consider that request.

Because Mr. Rosen included Christine Gunning, Classified Information Security Officer, in his May 23rd email, we are providing Ms. Gunning with a copy of this letter.

Should you have any questions, please contact us.

Sincerely,

RONALD C. MACHEN JR.
United States Attorney

_____
G. MICHAEL HARVEY
Assistant United States Attorney
(202) 252-7810

_____
JONATHAN M. MALIS
Assistant United States Attorney
(202) 252-7806

_____
DEBORAH CURTIS
U.S. Department of Justice Trial Attorney
(202) 233-2113

cc: Christine Gunning (via email)
    Classified Information Security Officer