**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | Criminal No.: 10-225 (CKK) |
| | ) | |
| v. | ) | |
| | ) | |
| **STEPHEN JIN-WOO KIM,** | ) | |
|     also known as Stephen Jin Kim, | ) | |
|     also known as Stephen Kim, | ) | |
|     also known as Leo Grace, | ) | |
| | ) | |
|     Defendant. | ) | |

**CORRECTED VERSION:  GOVERNMENT'S SUR-REPLY**
**TO DEFENDANT'S MOTION TO RECONSIDER**

On September 26, 2013, the Court ordered the United States to file a sur-reply to the defendant's motion for reconsideration [ECF Docket No. 116], addressing the new argument on page two of the defendant's reply brief regarding section 10 of the Attorney General's Department of Justice Report on Review of News Media Policies ("DOJ Report").  The United States respectfully files this sur-reply in response to the Court's order.

Preliminarily, on May 30, 2013, following full briefing by the parties, the Court issued a written opinion disposing of the defendant's third motion to compel discovery, in which the Court declined to adopt the Fourth Circuit's construction of 18 U.S.C. § 793(d), as set forth in United States v. Morison, 844 F.2d 1057 (4th Cir. 1988).  See Memorandum Opinion (May 30, 2013) [ECF Docket No. 137] at 6-10.  On June 28, 2013, the defendant filed a motion for reconsideration of the Court's ruling regarding Morison, which motion the United States opposed [ECF Docket No. 121].  On July 17, 2013, the defendant filed a reply in support of his motion for reconsideration [ECF Docket No. 123].  This sur-reply concerns two paragraphs in the defendant's reply, in which the defendant cites the DOJ Report.

In his reply, the defendant contends that a statement in the DOJ Report is inconsistent with the position of the United States in this case. Reply at 2. Specifically, the defendant observes that "Section 10 of [the DOJ Report] expressly states that cases involving the unauthorized disclosure of classified or national defense information 'require proof of harm.'" Id. Seizing on this statement, the defendant argues that "at the same time that the government is urging this Court to conclude that § 793(d) does *not* require proof of potential harm, the Attorney General is publicly acknowledging that proof of harm is necessary in *any* such prosecution." Id. (emphasis in original; footnote omitted). The defendant's reliance on this statement in the DOJ Report – that is, the phrase "require proof of harm" – is misplaced.

First, the DOJ Report is a statement about revisions to the Department's media guidelines, which will be formalized in guidance to the Department's law enforcement officials and attorneys, and corresponding changes to 28 C.F.R. § 50.10 and the United States Attorneys' Manual, where appropriate, and does not create any rights enforceable by a defendant in any criminal case. As stated unequivocally in the existing guidelines: "The principles set forth in this section are not intended to create or recognize any legally enforceable right in any person." 28 C.F.R. § 50.10(n). See In re Grand Jury Subpoena, Judith Miller, 438 F.3d 1141, 1153 (D.C. Cir. 2006) (recognizing that the Department's media guidelines "provide no enforceable rights to any individuals, but merely guide the discretion of the prosecutors"). It is, of course, well-established that internal agency guidelines do not create enforceable rights in others. See United States v. Caceres, 440 U.S. 741 (1979) (exclusionary rule not applicable to evidence obtained in violation of internal IRS regulations).

Second, the defendant takes the words "require proof of harm" completely out of context. The DOJ Report concerns revisions to the Department's policies regarding investigations that involve members of the news media. Those four words are found in the concluding section of the DOJ Report, entitled "Intelligence Agency Administrative Remedies." That section consists of two sentences. The first sentence, which serves as a predicate for the second, describes generally some of the difficulties presented in cases involving the unauthorized disclosure of classified or national defense information. The second sentence affirms that the "Department will work with others in the Administration to explore ways in which the intelligence agencies themselves, in the first instance, can address information leaks internally through administrative remedies." The passing reference to "proof of harm" in the context of this general discussion does not reflect a position of the United States regarding the particular legal standard applicable to Section 793(d). The DOJ Report does not discuss or cite any judicial decisions, let alone the Fourth Circuit's opinion in Morison.

Third, the United States has clearly stated its position in this litigation on the proper interpretation of Section 793(d). The United States briefed that issue in its opposition to the defendant's third motion to compel and again in its opposition to the defendant's motion for reconsideration. The general reference to "proof of harm" in the DOJ Report does not alter the Department's well-developed litigation position in this criminal case about the correct interpretation of Section 793(d).

Finally, the defendant does not, and cannot, use the DOJ Report to advance a claim of judicial estoppel. The judicial estoppel doctrine only applies to positions taken "in legal proceedings," United States v. Kellogg, Brown, & Root Servs. Inc., 284 F.R.D. 22, 39 (D.D.C.

3

2012), and only applies where a party has taken a litigation position in one case that is "clearly inconsistent" with a prior position that it advanced and that was adopted by a court in another case. New Hampshire v. Maine, 532 U.S. 742, 750-51 (2001). See, e.g., United States v. Quinn, 403 F.Supp.2d 57 (D.D.C. 2005) (finding no judicial estoppel in context of criminal case). Nothing of the kind has occurred here. After full briefing, and over the defendant's vigorous objection, this Court expressly declined to adopt the Fourth Circuit's construction of Section 793(d) in Morison. The DOJ Report does not purport to take a litigation position in this legal proceeding or any other.

          Respectfully submitted,

          RONALD C. MACHEN JR.
          UNITED STATES ATTORNEY
          D.C. Bar Number 447-889

By:

          /s/
          G. MICHAEL HARVEY
          Assistant United States Attorney
          D.C. Bar Number 447-465
          United States Attorney's Office
          Phone: (202) 252-7810
          Michael.Harvey2@usdoj.gov

          /s/
          JONATHAN M. MALIS
          Assistant United States Attorney
          D.C. Bar Number 454-548
          Phone: (202) 252-7806
          Jonathan.M.Malis@usdoj.gov

          /s/
          THOMAS A. BEDNAR
          Assistant United States Attorney
          D.C. Bar Number 493-640

Phone: (202) 252-7877
Thomas.Bednar@usdoj.gov

/s/
DEBORAH CURTIS
Department of Justice Trial Attorney
CA Bar Number 172208
Phone: (202) 233-2113
Deborah.Curtis@usdoj.gov

CERTIFICATE OF SERVICE

On this 30th day of September, 2013, a copy of the foregoing was served on counsel of record for the defendant via the Court's Electronic Filing System.

/s/
JONATHAN M. MALIS
Assistant United States Attorney