**FILED**

REDACTED / CLEARED FOR PUBLIC RELEASE

JAN 3 0 2014

Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

Filed with Classified
Information Security Officer

CISO

Date _____ 12/9/13

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

UNITED STATES OF AMERICA,

vs.

STEPHEN JIN-WOO KIM,

Defendant.

Criminal No. ~~10-255~~ 10-225 (CKK)

Leave to file Granted
C Kollar-Kotelly
Judge   1/30/14

---

MEMORANDUM OPINION
(December 9, 2013)

Defendant Stephen Jin-Woo Kim is charged by indictment with one count of unauthorized disclosure of national defense information in violation of 18 U.S.C. § 793(d), and one count of making false statements in violation of 18 U.S.C. § 1001(a)(2). Presently before the Court is the Defendant's [172] Second CIPA Section 5 Notice. The Government has filed [180] Objections to the Adequacy of this Notice. Upon consideration of the pleadings,[1] the relevant legal authorities, and the record as a whole, the Court concludes that the Government's Objections to the Adequacy of Defendant's Second CIPA Section 5 Notice are **SUSTAINED IN PART** and **OVERRULED IN PART**. Defendant shall submit a revised notice as to Items 7 through 12 generally, Item 13, and Items 15 and 16. In addition, Defendant shall submit a revised notice as to Items 7(c), 7(d), 7(e), 7(f), 8(b), 9(b), 10(d). No revised notice is required at this point for Item 5, Item 14, and Items 7(a), 7(b), 7(g), 10(b), 11(g), 11(h), 11(k), and 11(m).

---

[1] Def.'s Second CIPA Section 5 Notice ("Def.'s Notice."), ECF No. [172]; Gov't's Obj. to Adequacy of Def.'s Notice, ECF No. [180] ("Gov't's Obj."); Def.'s Resp. to Gov't's Obj. to Def.'s Notice, ECF No. [190] ("Def.'s Resp."); Gov't's Reply in Supp. of its Obj. to Def.'s Notice, ECF No. [211] ("Gov't's Reply").

REDACTED / CLEARED FOR PUBLIC RELEASE

REDACTED / CLEARED FOR PUBLIC RELEASE

# I. BACKGROUND

The Court presumes familiarity with the factual background set forth in the Memorandum Opinions regarding the Defendant's First, Second, Third, Fourth, and Fifth Motions to Compel.[2] On October 15, 2013, Defendant filed his [172] Second CIPA Section 5 Notice, pursuant to Section 5 of the Classified Information Procedures Act ("CIPA"), 18 U.S.C. App. 3 § 5. This notice identifies classified documents and information that Defendant reasonably expects to disclose at trial as part of his defense. On October 24, 2013, the Government filed its [180] Objections to the Adequacy of this Notice. Although the Government concedes in this filing that Defendant's descriptions of a number of the 49 categories or sub-categories relating to classified information that Defendant seeks to disclose at trial are sufficient for CIPA Section 5 purposes, it contends that many are not. For these remaining items, the Government requests the Court order Defendant to provide a more particularized notice setting forth the specific classified information that he expects to disclose at trial. Defendant subsequently filed his [190] Response to the Government's Objections, which contends that the descriptions provided are adequate under the standard of review applicable to CIPA Section 5 notices. The Government then filed its [211] Reply in Support of its Objections to Defendant's Notice. Accordingly, the Government's objections are now ripe for the Court's review.

## II. LEGAL STANDARD

"CIPA was enacted by Congress in an effort to combat the growing problem of graymail, a practice whereby a criminal defendant threatens to reveal classified information during the course of his trial in the hope of forcing the government to drop the criminal charge against

---

[2] Redacted versions of the Memorandum Opinions are available on the public docket as docket numbers [133], [135], [137], [139], and [200]. Unredacted copies are maintained by the Court.

2

REDACTED / CLEARED FOR PUBLIC RELEASE

REDACTED / CLEARED FOR PUBLIC RELEASE

him." *United States v. Smith*, 780 F.2d 1102, 1105 (4th Cir. 1985) (en banc). CIPA Section 5(a) provides that if the defendant "reasonably expects to disclose or to cause the disclosure of classified information in any manner in connection with any trial or pretrial proceeding involving the criminal prosecution of such defendant, the defendant shall . . . notify the attorney for the United States and the court in writing." 18 U.S.C. App. 3 § 5(a). "Such notice shall include a brief description of the classified information." *Id.* If the Government objects to the disclosure, it may ask the Court to conduct a hearing under CIPA Section 6(a) regarding "the use, relevance, or admissibility" of the classified information. 18 U.S.C. App. 3 § 6(a). If the Court determines at this hearing that disclosure of the classified information identified by the defendant is warranted, the government may file a motion to permit "a statement admitting relevant facts that the specific classified information would tend to prove" or "a summary of the specific classified information" as a substitute for disclosure of the information. 18 U.S.C. App. 3 § 6(c).

The CIPA Section 5(a) Notice has been identified as "the central document in CIPA." *United States v. Collins*, 720 F.2d 1195, 1199 (11th Cir. 1983). "The vague threat that prosecution will result in disclosure of classified information is dealt with by requiring the defendant to file a Section 5(a) notice." *Id.* Thus, because it frames the discussion for all subsequent CIPA proceedings, "[a] Section 5(a) notice must be particularized, setting forth specifically the classified information which the defendant reasonably believes to be necessary to his defense." *Id.* Although the statute demands only a "brief description of the classified information", courts have held that "'[a] brief description' is not to be translated as 'a vague description' [and] 'of the classified information' may not be interpreted as 'of the areas of activity concerning which classified information may be revealed.'" *Id.* "After the CIPA procedures have been followed, the government should not be surprised at any criminal trial

3

REDACTED / CLEARED FOR PUBLIC RELEASE

when the defense discloses, or causes to be disclosed, any item of classified information. The court, the government, and the defendant should be able to repair to the Section 5(a) notice and determine, reliably, whether the evidence consisting of classified information was contained in it." *Id.*

The CIPA Section 5(a) notice is intended to clarify the scope of the subsequent CIPA Section 6 proceedings because "[o]bviously, without sufficient notice that sets forth with specificity the classified information that the defendant reasonably believes necessary to his defense the government is unable to weigh the costs of, or consider alternatives, to disclosure." *United States v. Badia*, 827 F.2d 1458, 1465 (11th Cir. 1987). "[T]he objective of CIPA is to provide the government with both notice of the defendant's intent to introduce sensitive information at trial, *and a particularized description of the classified information prior to trial.*" *Id.* (emphasis in original). In order to serve this goal, "[t]he [CIPA Section 5(a)] notice must specifically set out the classified information the defendant believes he will rely upon in his defense. A general statement of the areas the evidence will cover is insufficient." *Smith*, 780 F.2d at 1105. *See also United States v. North*, 708 F.Supp. 389, 394 (D.D.C. 1988) ("CIPA is designed to let the government know, with some precision, what the costs of prosecution would be . . . ."); *United States v. Poindexter*, 698 F.Supp. 316, 321 (D.D.C. 1988) (adopting *Collins* standard); *United States v. Ivy*, No. 91-cr-602-04, 1993 WL 316215, at *1 (E.D. Pa. Aug. 12, 1993) ("The  section 5(a) notice must be specific and state with particularity which items of classified information the defendant reasonably expects to be disclosed by his defense."); *United States v. Bin Laden*, No. S(7)-98-cr-1023, 2001 WL 66393, at *6 (S.D.N.Y. Jan. 25, 2001) (adopting *Collins* standard).

4

REDACTED / CLEARED FOR PUBLIC RELEASE

REDACTED / CLEARED FOR PUBLIC RELEASE

*United States v. Miller*, 874 F.2d 1255 (9th Cir. 1989), relied on heavily by the Defendant, *see* Def.'s Resp. at 3-4, does not establish a more relaxed standard, or limit the specificity required in the CIPA Section 5(a) notice. In *Miller*, the defendant notified the Government that he intended to introduce a series of classified documents found during searches of his home as part of his defense. *Id.* at 1275-76. Because the defendant was noticing all the documents found in his possession in their entirety, he provided the Government with a Section 5(a) notice that "consisted simply of a list indicating the length and title of each document found." *Id.* at 1276. The Ninth Circuit concluded that this notice "satisfied the purpose of" CIPA Section 5(a) because it "fully alerted the government as to what classified information [defendant] sought to introduce." *Id.* Accordingly, *Miller* stands for the proposition that the CIPA Section 5(a) Notice must place the Government on notice of specifically what classified information the Defendant intends to use. *See United States v. Rewald*, 889 F.2d 836, 855 (9th Cir. 1989) (explaining that *Miller* interpreted the requirement that "defendant . . . provide a 'brief description of the classified information' in his notice" "to be satisfied where the description informs '[t]he government . . . exactly to which documents [the defendant] was referring, and [to] what information was contained in them.'") (quoting *Miller*, 874 F.2d at 1276). The case does not establish that a list of classified documents indicating the length and title of each document is *always* sufficient to meet the notice requirements of Section 5(a). Rather, under the specific facts of *Miller*, the notice provided by the defendant served the purpose of alerting the Government as to the specific body of classified information the defendant planned to introduce. Accordingly, despite Defendant's claims, *Miller* does not set out a lower standard for the adequacy of notice required by CIPA Section 5(a). Rather, as various courts to consider the

5

REDACTED / CLEARED FOR PUBLIC RELEASE

REDACTED / CLEARED FOR PUBLIC RELEASE

issue have held, Defendant's notice must specifically and fully alert the Government as to the classified information Defendant reasonably expects to disclose or cause to be disclosed at trial. This standard, as recognized in *Miller* and all the cases cited by the parties, must be applied with careful consideration of the circumstances of each case, such that, under these specific circumstances, the Court and the Government are "fully alerted . . . as to what classified information [a defendant] s[eeks] to introduce." 874 F.2d at 1276.

## III. DISCUSSION

The Defendant's second CIPA Section 5 Notice contains 49 categories or sub-categories relating to classified information that the defendant seeks to disclose at his trial. *See generally* Def.'s Notice. The Government does not object to the adequacy of the notice for a number of these categories, specifically Item Numbers 1, 2, 3, 4, and 6. *See* Gov't's Obj. at 2. However, the Government contends that the remaining categories lack the specificity required by CIPA and requests that the Court order Defendant to provide a revised notice setting forth the specific classified information that he expects to disclose or cause to be disclosed at trial. *Id.* The Court addresses each of these objections below.

### A. Item 5

In his Second CIPA Section 5 Notice, Defendant alerts the Court and the Government that he reasonably expects to disclose or cause to be disclosed the following information:

> FBI 302s reflecting interviews of ███████████ on the 'List of 118' who accessed the intelligence report at issue. (CLASS_370-74A, 577-79, 601-03, 608A-11, 618-20, 633-35, 1377-84, 1388-93, 2839-54, 2869-77, 2882-83, 2910-11, 2912-17).

Def.'s Notice at 3. The Government objects to this notice as inadequate, arguing that the FBI 302s are lengthy, and contain a variety of classified information on multiple topics. Gov't's Obj. at 11. Defendant's notice, the Government contends, does not point it to "exactly" what

REDACTED / CLEARED FOR PUBLIC RELEASE

REDACTED / CLEARED FOR PUBLIC RELEASE

information in these particular documents the defendant seeks to disclose. *Id.* "In order for the United States to evaluate meaningfully whether the defendant seeks to elicit information that is classified and objectionable," the Government states, it "needs to know what aspect of these documents the defendant seeks to adduce at trial, rather than having to sift through the entire document and object to every single item of classified information." *Id.*

Defendant counters that this objection is meritless. Objecting to the Government's claim that these documents are lengthy, Defendant notes that the Bates ranges provided by Defendant average three to four pages, and are portion marked for classification level. Def.'s Resp. at 9. Defendant states that he "obviously intends to notice the classified, portion-marked information in these three to four page documents, which take no more than a few minutes to review." *Id*

The Government responds to Defendant's arguments with skepticism, noting that the Bates ranges noticed by Defendant contain a diverse set of classified information. Gov't's Reply at 8-10. Indeed, the Government points out that a single document noticed by Defendant, CLASS_2839-54, contains at least thirty-three classified paragraphs. *Id.* at 9. As the Government notes, "[t]he defendant's noticing of all of this diverse classified information causes the United States to doubt whether he reasonably expects to elicit all of the noticed information at trial." *Id.*

At this point, on the current record, the Court will not require Defendant to submit a revised notice as to Item 5. Certainly, a defendant in CIPA proceedings must provide "*a particularized description of the classified information prior to trial.*" *Badia*, 827 F.2d at 1465 (emphasis in original). Indeed, as noted, "[a] Section 5(a) notice must be particularized, setting forth specifically the classified information which the defendant reasonably believes to be necessary to his defense." *Collins*, 720 F.2d at 1199. However, here Defendant *has* identified

REDACTED / CLEARED FOR PUBLIC RELEASE

REDACTED / CLEARED FOR PUBLIC RELEASE

particularly what information he "reasonably expects" to disclose or cause to be disclosed at trial. While neither CIPA Section 5 nor the case law in this area define the term "reasonably expects to disclose", the Court understands it to mean that the Defendant has the present intention, based on the information currently available to him, to present this information at trial, with no expectation of later narrowing the information. Accordingly with Item 5, the Court understands Defendant to be saying at this point that he intends to use *all* the classified, portion-marked information in the Bates ranges set out in his notice. Defendant is not saying he intends to use some, unspecified portion of the broad category of classified information contained in these documents – a notice that would certainly be lacking in specificity and particularity. Rather, he is representing to the Court and the Government that he reasonably believes at this point that *all* the classified information noticed in these Bates ranges is necessary to his defense.

The Court notes that if Defendant is imprecise in this representation – and has not carefully reviewed and selected the classified information he reasonably expects to disclose – he will be imposing an enormous time and resource burden on both the Government and the Court. *See* Gov't's Reply at 4-5 n. 4. The purpose of the CIPA Section 5(a) notice, in at least one respect, is to narrow the issues for the CIPA Section 6(a) hearing by focusing the Court and the Government's attention on the subset of classified information that the Defendant reasonably expects to disclose at trial. The Court has no desire to consider all the classified information in these documents based on Defendant's current representations, only to have this chore prove irrelevant when Defendant decides on more careful reflection that he *actually* only reasonably expects to disclose a narrow subset of the noticed information. However, at this point, based on the statements in his filing, Defendant is representing to the Court that he has every intention to present at trial all the classified information contained in portions of the FBI 302s he has noticed.

8

REDACTED / CLEARED FOR PUBLIC RELEASE

REDACTED / CLEARED FOR PUBLIC RELEASE

Although the classified information in these portions is extensive, and the Government is deeply skeptical of Defendant's representation, the Court must take Defendant's statement at face value, having no evidence in the parties' filings to suggest that his representation is untrue or inaccurate.

If the Court misunderstands Defendant on this point or he subsequently reevaluates in light of this opinion his representation that he expects to use all classified information in the Bates ranges noticed, he should use the opportunity already provided to submit a revised CIPA Section 5(a) Notice – for the reasons set out in other sections of this opinion – as a chance to provide greater specificity with respect to Item 5. If Defendant chooses this option upon greater reflection as to whether he reasonably expects to disclose *all* the classified information contained in these documents, he should either specify the paragraphs within these documents that he reasonably expects to disclose, or at least provide the Court and the Government with a list of the topics in the interview reports for which he reasonably expects to disclose classified information. However, while the Court highly recommends Defendant take this path, it does not order it at this time.

**B. Items 7 to 12**

Items 7 through 12 in Defendant's notice consist of categories of information related to the ██████, certain e-mails ██████████████████, the distribution of copies of the intelligence report to people within the White House, and apparent contacts between White House/National Security Council staff and Fox News on June 11, 2009. *See* Def.'s Notice at 3-6. The Government asserts a blanket objection to the notices provided by Defendant, arguing that these items contain "non-exhaustive lists within broad categories" of information. Gov't's Obj. at 9-10. The Government notes that for each of these items, "the defendant sets forth a topic at

9

REDACTED / CLEARED FOR PUBLIC RELEASE

the beginning, and then provides a *non-exhaustive* list of examples of information that he may disclose pertaining to the topic." Gov't's Reply at 10. For example, in Item 7, Defendant notices: "Information relating to the existence and contents of ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ being drafted on June 11, 2009, including . . ." Def.'s Notice at 3. Similarly in Item 8, Defendant notices, "Information relating to the ▓▓▓▓▓▓▓▓▓▓▓ email concerning North Korean ▓▓▓▓▓▓▓▓▓▓▓▓, including but not limited to . . ." *Id* at 4. The Government objects to the use of the phrases "relating to", "including", and "including but not limited to" in these requests, noting that in light of this non-exhaustive language, it cannot know specifically what information Defendant reasonably expects to disclose. Gov't's Obj. at 9-10.

In his brief, Defendant explains that this non-exhaustive language should be read in light of the text that comes before it, which provides context to the request. Def.'s Resp. at 10. Defendant further states that this non-exhaustive language is necessary to preserve the Defendant's right to examine and cross-examine witnesses regarding the documents identified in these items, which may cause the disclosure of additional classified information. *Id*

The Court concludes that Defendant's use of this non-exhaustive language in these items constitutes inadequate notice. While the Court recognizes Defendant's need to notice classified information that may be elicited through testimony, the current language, even limited by context, leaves the description merely a vague description of the general area of classified information Defendant reasonably expects to disclose. *See Collins*, 720 F.2d at 1199 ("'A brief description' is not to be translated as 'a vague description'; 'of the classified information' may not be interpreted as 'of the areas of activity concerning which classified information may be revealed.'"). Consequently, the Court looks to a solution proposed by the Government to remedy this concern. *See* Gov't's Reply at 10. Defendant shall provide an exhaustive list of all

10

REDACTED / CLEARED FOR PUBLIC RELEASE

REDACTED / CLEARED FOR PUBLIC RELEASE

information within these categories that it reasonably expects to disclose or cause to be disclosed at trial outside of the context of unknown testimony and state that this list is exhaustive at this point. Once this exhaustive list is provided, Defendant may use the non-exhaustive language in order to explicitly preserve its ability to elicit testimony regarding certain documents. This revision recognizes Defendant's concern that it cannot know for certain how a witness may respond at trial. *See* Def.'s Resp. at 7.

The Government also proposes that in order to clarify the classified information that may emerge through examination and cross-examination of witnesses, that Defendant file a revised notice as to these items containing narrative summaries identifying (1) the witnesses from whom he intends to elicit potentially classified information, (2) the questions he would pose to those witnesses, and (3) the potentially classified answers that he seeks that would be relevant and helpful to his defense. Gov't's Reply at 10. The Court is concerned with this potential solution for a number of reasons. First, Defendant is under no obligation to explain how the potentially classified information he notices would be relevant and helpful to his defense. *See Rewald*, 889 F.2d at 855 (9th Cir. 1989) ("CIPA section five does not require a defendant to provide detailed argument in support of the relevance of particular noticed documents in the notice itself."). Second, the Government's solution could require Defendant to identify whether he will testify and what he will testify about. These would appear to burden Defendant's Fifth Amendment rights to remain silent and/or testify in his own defense. *See United States v. Poindexter*, 725 F.Supp. 13, 33 (D.D.C. 1989) ("defendant need *not* reveal what he will testify about or whether he will testify at all.") (emphasis in original)[3]; *United States v. Hitselberger*, No. 12-cr-231, 2013

---

[3] The Court notes that the opinion in *Poindexter* also states that CIPA "requires merely a general disclosure as to what classified information the defense expects to use at the trial, regardless of the witness or the document through which that information is to be revealed."

REDACTED / CLEARED FOR PUBLIC RELEASE

REDACTED / CLEARED FOR PUBLIC RELEASE

WL 5933655, at *3 (D.D.C. Nov. 6, 2013) ("Sections 5 and 6 of CIPA do not require a defendant to specify what he will testify about or even whether he will testify"); *United States v. Drake*, 818 F.Supp.2d 909, 914 (D.Md. 2011) ("Under CIPA, [defendant] does not have to reveal whether he will testify"). Third, the Government's proposal appears to interfere with Defendant's rights under the Sixth Amendment to confront and cross-examine witnesses. *See United States v. Lee*, 90 F.Supp.2d 1324, 1328 (D.N.M. 2000) ("CIPA also does not require that the defendant reveal what questions his counsel will ask in which order, and to which witnesses. Likewise, the defendant need not attribute the information to any particular witness."); *Drake*, 818 F.Supp.2d at 914 ("CIPA does not mandate that [the defendant] reveal his trial strategy, but only that he identify whatever classified information he plans to use."); *Hitselberger*, 2013 WL 5933655, at *5 (citing these cases).

The Government cites to *United States v. Libby*, 467 F.Supp.2d 1, 4, 14-15 (D.D.C. 2006), for the proposition that courts have previously utilized the sorts of narrative summaries identifying the details of testimony it proposes here. Gov't's Reply at 8. Further, the Government notes it has reviewed the narrative summaries provided to the court in that case and describes "an approximately five-and-a-half page narrative summary of the classified information [defendant] reasonably expected to disclose through trial testimony. *Id.* at 6-7 n. 5." The Court notes that the Government does not specify that these narrative summaries followed

---

*Poindexter*, 725 F.Supp. at 33. This statement is fully consistent with the standard for the CIPA Section 5(a) Notice set out in the cases discussed, *supra*, including *Poindexter*, *see* 698 F.Supp. at 321, requiring specificity and particularity as to the classified information to be disclosed. The Court reads the *Poindexter* opinion as stating that a defendant must disclose all classified information he expects to use at trial, *regardless* of the witness or document though which this information is disclosed. *See* 18 U.S.C. App. 3 § 5(a) (requiring notice if "defendant reasonably expects to disclose or to cause the disclosure of classified information *in any manner*") (emphasis added). However, in making this disclosure, "defendant need *not* reveal what he will testify about or whether he will testify at all." *Poindexter*, 725 F.Supp. at 33 (emphasis in original).

12

REDACTED / CLEARED FOR PUBLIC RELEASE

REDACTED / CLEARED FOR PUBLIC RELEASE

the exact format it has suggested, which would require Defendant to disclose the potential questions he plans to ask and the answers he hopes to elicit. Nor does the Court's review of the opinion in *Libby* cited by the Government reveal that these narrative summaries took the form proposed by the Government. Furthermore, even if they did, the Court notes significant differences between this case and *Libby*. In *Libby*, it appears that the defendant was far more open with the court and the Government regarding his trial strategy, including the contents of his own testimony. *See, e.g.,* 467 F.Supp.2d at 15 n. 25 (noting that the narrative along with the documents submitted "provide[d] the basis for the defendant's testimony.") Here, it is not apparent that Defendant has similarly waived, or at least shown a willingness to burden, his Fifth and Sixth Amendment rights. In light of the factual differences between these cases, even if the Government is correct that the *Libby* court adopted the solution it has proposed here for noticing classified information contained in trial testimony, the Court is reluctant to apply wholesale the solutions adapted to the specific circumstances of another case.

Accordingly, in order to address these concerns, the Court adopts a modified version of the Government's proposal in order to place the Government on notice of classified information that may be elicited during trial testimony. In his revised notice, Defendant shall, to the extent he has not already done so, notice with specificity the identifiable classified information he reasonably expects at this point to elicit or cause to be elicited via trial testimony, rather than simply providing a general description of the area the trial testimony is expected to cover. Such information may be disclosed in narrative form. Without this additional information, it would appear doubtful that at trial "[t]he [C]ourt, the government and the defendant [will] be able to repair to the Section 5(a) notice and determine, reliably, whether the evidence consisting of classified information was contained in it." *Collins*, 720 F.2d at 1199.

REDACTED / CLEARED FOR PUBLIC RELEASE

REDACTED / CLEARED FOR PUBLIC RELEASE

However, this revised notice need not go as far as the Government proposes. In this revised notice, Defendant need not explain how this classified information is relevant or helpful to his defense. In addition, Defendant need not tie this classified information to a specific witness or line of questioning. In this way, Defendant will avoid identifying whether he will testify and what he will testify about, reducing any burden on his Fifth Amendment rights. Similarly, by rejecting the Government's proposal that the Defendant be required to reveal what questions his counsel will ask to which witnesses, or even be required to attribute information to any particular witness, this solution mitigates the burden on Defendant's Sixth Amendment rights. Admittedly, these "disclosures [will] make the defense's cross-examination less effective because the [Government] will have advance access" to the set of classified information Defendant plans to use to construct his defense. *Hitselberger*, 2013 WL 5933655, at *5. Yet, courts have held that "[t]his is not sufficient to constitute a constitutional violation." *Id.* As noted, "CIPA does not mandate that [the defendant] reveal his trial strategy, but only that he identify whatever classified information he plans to use." *Drake*, 818 F.Supp.2d at 914. "This merely amounts to a 'tactical disadvantage', not an infringement of [Defendant's] Confrontation Clause rights." *Hitselberger*, 2013 WL 5933655, at *5.

The Court recognizes that because the Government proposed its constitutionally infirm solution for the first time in its Reply Brief, *see* Gov't's Reply at 10, Defendant has not had an opportunity to comment on these concerns. Accordingly, if it becomes apparent after this opinion that it is impossible for Defendant to comply with these revisions without suffering a substantial burden on these rights, the Court remains willing to hear additional argument from the parties regarding an alternative solution for specifically noticing classified information that will be disclosed via trial testimony. Conversely, if Defendant finds it can submit a revised

REDACTED / CLEARED FOR PUBLIC RELEASE

REDACTED / CLEARED FOR PUBLIC RELEASE

notice for these items pursuant to the terms specified in this opinion, the Court will address whether the additional information contained adequately addresses the Government's concerns and provides sufficient information for the Court to conduct a CIPA Section 6(a) hearing.

### C. Items 13 and 14

The Government also objects to Defendant's notice with respect to Items 13 and 14. These items notice documents generated by ████████ law enforcement officials discussing the alleged disclosure at issue in this case. Def.'s Notice at 6.

In Item 13 of his Notice, Defendant alerts the Court and the Government that he reasonably expects to disclose or cause to be disclosed the following information: "The "Eleven Questions" document relating to the alleged disclosure. (CLASS_27-30)." *Id.* This document provides the response of ████████████████ to eleven questions posed to it concerning the June 11, 2009 unauthorized disclosure. Gov't's Reply at 10-11. The questions and/or answers to four of these questions are classified, and these four questions and/or answers are distinct from each other. *Id.*

As with Item 5, the Government objects to Defendant's failure to specify what classified information in this document he reasonably expects to disclose or cause to be disclosed at trial. Gov't's Obj. at 11. In response, as with Item 5, Defendant states that his notice is adequate, because the applicable pages of the document are portion-marked, and Defendant reasonably expects to disclose the portion-marked sections containing classified information at trial. Def.'s Resp. at 12.

In response, the Government notes its skepticism that Defendant actually intends to use all the classified information contained in the document. Gov't's Reply at 11. However, in contrast to Item 5, where the Government provided no evidence beyond its skepticism, with

REDACTED / CLEARED FOR PUBLIC RELEASE

REDACTED / CLEARED FOR PUBLIC RELEASE

respect to Item 13, the Government notes that by noticing all classified information in the document, Defendant has included "information that pertains to an uncharged disclosure, and the course of this litigation has made clear that the parties are not going to put this information at issue at trial." *Id.* The Government has thus provided evidence that Defendant has noticed information that he does not reasonably expect to disclose at trial. Accordingly, in contrast to Item 5, the Court cannot take at face value Defendant's claim that he reasonably expects to disclose or cause to be disclosed all classified information contained in the "Eleven Questions" document at trial. In light of this, Defendant's does not "set[] forth specifically the classified information which [he] reasonably believes to be necessary to his defense." *Collins*, 720 F.2d at 1199. Rather, Defendant appears to have painted too broadly with this request. It is not enough for Defendant to identify the specific classified documents that he expects to disclose at trial. Rather, Defendant must specify the specific classified *information* he reasonably expects to disclose at trial. *See* 18 U.S.C. App. 3 § 5(a) (specifying that notice "shall include a brief description of the classified *information*" and not simply classified documents) (emphasis added); *See also Miller*, 874 F.2d at 1276 (noting that defendant's "notice satisfied the purpose of [section 5's requirement for a brief description of the classified information to be disclosed] inasmuch as it fully alerted the government as to what classified *information* [defendant] sought to introduce.") (emphasis added). Accordingly, Defendant shall submit a revised notice as to Item 13, which specifies which of the questions and answers noticed in Item 13 he actually anticipates disclosing at trial.

In Item 14 of his notice, Defendant notices the following information: ██████ ██████████ relating to the alleged disclosure dated June 12, 2009, June 18, 2009, and November 12, 2009. (CLASS_31-39)." Def.'s Notice at 6. As with Item 5, the Government

16

REDACTED / CLEARED FOR PUBLIC RELEASE

REDACTED / CLEARED FOR PUBLIC RELEASE

objects to Defendant's failure to specify what classified information in this document he reasonably expects to disclose or cause to be disclosed at trial. Gov't's Obj. at 11. Defendant argues that his notice is more than adequate, as it identifies the specific classified information that the defense reasonably expects to disclose at trial by Bates number. Def.'s Resp. at 12. Defendant states that he reasonably expects to disclose at trial the portion-marked sections containing classified information. *Id.* The Government again notes its skepticism that Defendant reasonably expects to disclose or cause to be disclosed all classified information in this document. Gov't's Reply at 11-12. However, as with Item 5 and in contrast to Item 13, the Government provides no evidence to undercut this claim. *Id.*

Accordingly, at this point, the Court will adopt its conclusion with request to Item 5, and not require Defendant to submit a revised notice as to Item 14. Again, the Court understands Defendant to be saying that he intends to use *all* the classified, portion-marked information in the Bates ranges set out in his notice. Although the classified information in these portions is extensive and varied, and the Government is deeply skeptical of Defendant's representation, the Court must take Defendant's statement at face value, having no evidence in the parties' filings to suggest that his representation is untrue or inaccurate.

As with Item 5, if the Court misunderstands Defendant on this point or he subsequently reevaluates in light of this opinion his representation that he expects to use all classified information in the Bates ranges noticed, he should use the opportunity already provided to submit a revised CIPA Section 5(a) Notice – for the reasons set out in other sections of this opinion – as a chance to provide greater specificity with respect to Item 14. If Defendant chooses this option upon greater reflection as to whether he reasonably expects to disclose *all* the classified information contained in these documents, he should either specify the paragraphs

17

REDACTED / CLEARED FOR PUBLIC RELEASE

within these documents that he reasonably expects to disclose, or at least provide the Court and the Government with a list of the topics in this correspondence for which he reasonably expects to disclose classified information. However, while the Court highly recommends Defendant take this path, it does not order it at this time.

### D. Items 15 and 16

In Items 15 and 16, Defendant states his intention to disclose:

> 15. Information relating to the systems and procedures for the classification and declassification of documents and information in each government agency relevant to this case, including but not limited to ███████████████
> ████████

> 16. Information relating to the practices and procedures by which an agency of the United States government (such as the State Department) prepares a public or media statement that is derived from or relates to classified information, or otherwise communicates or discusses information with the media that is derived from classified information.

Def.'s Notice at 6-7. The Government contends that these two requests are exceptionally vague and require further clarification. Gov't's Obj. at 8-9. This vagueness, the Government argues,, is compounded by Defendant's use of the nebulous phrase "[i]nformation relating to" in both requests without clarification as to the scope of this phrase. Gov't's Reply at 12. As currently stated, Item Number 15 represents a notice that the Defendant expects to disclose or cause to be disclosed information about how any government agency relevant to this case – a category left undefined – classifies or declassifies information on any topic. *Id.* at 12-13. Similarly, Item Number 16 can be read even more broadly as notice that Defendant seeks to elicit information about how *any* government agency deals with the media on any issue involving classified information. *Id.* In addition, as the Government notes, these requests are not bounded in time, meaning that this notice could potentially refer to how these agencies dealt with these issues at any time in the past. *Id.* Furthermore, Defendant leaves the term "systems and procedures" in

REDACTED / CLEARED FOR PUBLIC RELEASE

REDACTED / CLEARED FOR PUBLIC RELEASE

Item 15 undefined. *Id.* As the Government notes, it is unclear whether Defendant intends to include computer programs, communications methods, and similar systems and procedures, or is referring simply to written procedures and internal systems for addressing these issues. *Id.* Finally, with respect to Item 15, Defendant does not specify whether he intends to disclose these procedures for all components of any agency "relevant to this case" or simply those components "relevant to this case." *Id.* at 13.

Defendant argues that Items 15 and 16 provide notice to the Government of Defendant's intent to elicit testimony regarding the Government's procedures for classifying and declassifying information and preparing media statements on classified topics, respectively. Def.'s Resp. at 12-13. Defendant argues that the Government is aware that the Defendant will seek to elicit testimony on these topics to rebut the Government's continued reliance on the classified nature of the intelligence report at issue as proof the Mr. Kim had reason to believe that disclosure of the information could be damaging to the United States or helpful to a foreign nation. *Id.* at 13.

The Court agrees with the Government that Defendant's notices with respect to Items 15 and 16 are inadequate. As currently constituted, these items appear to provide "notice of nothing more than the general areas of activity to be revealed in defense." *Collins*, 720 F.2d at 1199. Such "general statement[s] of the areas the evidence will cover [are] insufficient." *Smith*, 780 F.2d at 1105. As with Items 7 through 12, the Court is cognizant of Defendant's contention that these items provide notice of its intent to elicit testimony from witnesses, and that Defendant cannot know for certain how a witness may respond at trial. Def.'s Resp. at 7. However, at this point, Defendant must still disclose the specific classified information it reasonably expects to disclose at trial.

REDACTED / CLEARED FOR PUBLIC RELEASE

REDACTED / CLEARED FOR PUBLIC RELEASE

Consequently, as with the revisions concerning Items 7 through 12, in order to clarify the classified information that may emerge through examination and cross-examination of witnesses, Defendant shall, to the extent he has not already done so, notice with specificity the identifiable classified information he reasonably expects at this point to elicit or cause to be elicited via trial testimony, rather than simply providing a general description of the area the trial testimony is expected to cover as he does now. Such information may be disclosed in narrative form. For example, if Defendant intends to introduce evidence or elicit testimony related to (a) specific examples of documents or information being classified or declassified, or (b) specific examples of communication with the media that is derived from classified information, he should specify these documents, information, and examples in his notice. In addition, the revised notice must incorporate additional information to clarify its scope. First, these items must specify a time frame for this information that relates to this case. Second, Defendant must specify exactly which agencies are at issue with respect to these notices, and if he plans to disclose or cause to be disclosed classified information relating only to certain components of these agencies. Third, with respect to Item 15, Defendant must clarify the meaning of the term "systems and procedures" to alert the Government and the Court as to exactly which systems and procedures he is referring to.

As with the revisions to Items 7 through 12, Defendant need not explain how this classified information is relevant or helpful to his defense. In addition, Defendant need not tie this classified information to a specific witness or line of questioning. In this way, Defendant will avoid identifying whether he will testify and what he will testify about, reducing any burden on his Fifth Amendment rights. Similarly, by rejecting the Government's proposal that Defendant be required to reveal what questions his counsel will ask to which witnesses, or even

20

REDACTED, CLEARED FOR PUBLIC RELEASE

required to attribute information to any particular witness, this solution mitigates the burden on Defendant's Sixth Amendment rights.

Again, as with the revisions to Items 7 through 12, if it becomes apparent after this opinion that it is impossible for Defendant to comply with these revisions without suffering a substantial burden on these rights, the Court remains willing to hear additional argument from the parties regarding an alternative solution. Conversely, if Defendant finds it can submit a revised notice for these items pursuant to the terms specified in this opinion, the Court will address whether the additional information contained adequately addresses the Government's concerns and provides sufficient information for the Court to conduct a CIPA Section 6(a) hearing.

### E. Subparts of Items 7 to 12

In addition to its blanket objections to Items 7 through 12, the Government also argues that various subparts of these items are inadequate for additional reasons.

#### 1. Items 7(c), 7(d), 7(e), 7(f), 7(g), 8(b), 9(b), 10(d), and 10(e)

First, the Government objects to Items 7(c), 7(d), 7(e), 7(f), 8(b), 9(b), 10(d), and 10(e). Gov't's Obj. at 10-11. These subparts notice the following information:

> 7. Information relating to the existence and contents of ██████████ ██████ being drafted on June 11, 2009, including . . .
>
>    c. Sources of information relied upon by ██████████ for the statement in his 8:51 a.m. email on June 11, 2009, that he was aware that ████ "should be out in minutes";
>
>    d. Sources of information relied upon by ████████ for the statement in the email that ████████████████████████████████████████ ████████████████████████████████████;
>
>    e. The identity and/or contents of any documents or other information that formed the basis for ████████ assertions in the email;

REDACTED, CLEARED FOR PUBLIC RELEASE





f.  The existence and contents of a "planning meeting" ▮▮▮▮ at 10:30 am on June 11, during which ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮;

8.  Information relating to the ▮▮▮▮▮▮▮▮▮ email concerning North Korean ▮▮▮▮▮▮▮, including but not limited to . .

b.  Sources of information relied upon by ▮▮▮▮▮▮▮▮▮▮ .

9.  Information relating to the ▮▮▮▮ email from ▮▮▮▮ concerning North Korea's ▮▮▮▮▮▮▮▮," including but not limited to . . .

b.  Sources of information relied upon by ▮▮▮▮ for the assertions in the ▮▮▮▮, email.

10.  Information relating to Daniel Russell's June 11, 2009, email concerning ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, including but not limited to . . .

d.  Sources of information relied upon by Russell other than ▮▮▮▮

Def.'s Notice at 3-5.   In these items, Defendant notices "information" or "sources of information" related to a sub-category.  The Government contends that these descriptions are vague or lack sufficient particularity as to the sources of information the defendant is noticing, as well as the specific classified information that the Defendant intends to disclose from within these unspecified sources of information.  Gov't's Obj. at 10.  Defendant counters that these statements provide the Government with notice of the specific information the defense reasonably expects to elicit from government witnesses at trial.  Def.'s Resp. at 11.  The Government counters that the Defendant should be ordered to produce narrative summaries, in which he identifies the witnesses from whom he intends to elicit potentially classified information, the questions he would pose to witnesses, and the potentially classified answers that he seeks that would be relevant and helpful to his defense.  Gov't's Reply at 14.

22

REDACTED / CLEARED FOR PUBLIC RELEASE

The Court agrees with the Government that Defendant's notices with respect to these Items are inadequate. As currently constituted, these items provide "notice of nothing more than the general areas of activity to be revealed in defense." *Collins*, 720 F.2d at 1199. Such "general statement[s] of the areas the evidence will cover [are] insufficient." *Smith*, 780 F.2d at 1105. As with Items 7 through 12, the Court is cognizant of Defendant's contention that these items provide notice of its intent to elicit testimony from witnesses, and that Defendant cannot know for certain how a witness may respond at trial. Def.'s Resp. at 7. However, at this point, Defendant must still disclose the specific classified information it reasonably expects to disclose at trial.

Consequently, as with the revisions concerning Items 7 through 12, in order to clarify the classified information regarding these "sources of information" that may emerge through examination and cross-examination of witnesses, Defendant shall, to the extent he has not already done so, notice with specificity the identifiable classified information he reasonably expects at this point to elicit or cause to be elicited via trial testimony, rather than simply providing a general description of the area the trial testimony is expected to cover as he does now. Such information may be disclosed in narrative form. As with the revisions to Items 7 through 12, Defendant need not explain how this classified information is relevant or helpful to his defense. In addition, Defendant need not tie this classified information to a specific witness or line of questioning. In this way, Defendant will avoid identifying whether he will testify and what he will testify about, reducing any burden on his Fifth Amendment rights. Similarly, by rejecting the Government's proposal that Defendant be required to reveal what questions his counsel will ask to which witnesses, or even required to attribute information to any particular witness, this solution mitigates the burden on Defendant's Sixth Amendment rights.

23

REDACTED / CLEARED FOR PUBLIC RELEASE

REDACTED  CLEARED FOR PUBLIC RELEASE

As with the revisions to Items 7 through 12, if it becomes apparent after this opinion that it is impossible for Defendant to comply with these revisions without suffering a substantial burden on these rights, the Court remains willing to hear additional argument from the parties regarding an alternative solution.  Conversely, if Defendant finds it can submit a revised notice for these items pursuant to the terms specified in this opinion, the Court will address whether the additional information contained adequately addresses the Government's concerns and provides sufficient information for the Court to conduct a CIPA Section 6(a) hearing.

Regarding Item 7(g), the Government also raises the additional objection that the wording of this item is vague.   Gov't's Reply at 14.  Item 7(g) notices the following information:

> 7. Information relating to the existence and contents of ███████████████
> ███████ being drafted on June 11, 2009, including . . .
>
>   g. The intended and actual distribution of the ████████

Def.'s Notice at 4.  The Government states that it is unsure what Defendant means by "[t]he *intended* . . . distribution of the ████████ (emphasis added). Gov't's Obj. at 10 n. 3. Although Defendant does not respond to this objection, the Court nevertheless overrules it.  In the Court's view, the term "intended . . . distribution" is fairly clear-cut, implying that Defendant expects to disclose or cause to be disclosed the specific names of the people for whom the ████████ was being prepared and to whom it would have been sent had it not been "killed" in light of the unauthorized disclosure in this case.  If Defendant is of the view that this notice is broader than the summary provided by the Court, he should use the opportunity to submit a revised notice to clarify any lingering vagueness with respect to this notice.

### 2. Items 7(a), 7(b), 10(b), 11(g), 11(h), 11(k) and 11(m)

REDACTED - CLEARED FOR PUBLIC RELEASE

REDACTED   CLEARED FOR PUBLIC RELEASE

Next, the Government objects to Items 7(a), 7(b), 10(b), 11(g), 11(h), 11(k), and 11(m) which identify the following information:

> 7.  Information relating to the existence and contents of a ██████████████ being drafted on June 11, 2009, including . . .
>
>> a.  The ██████████ provided in discovery and email correspondence relating to the ██████████ (CLASS_3085-3125, 3205-18);
>>
>> b.  ██████████ classified information to the FBI on July 12, 2012 (CLASS_3077-81);
>
> 10.  Information relating to Daniel Russell's June 11, 2009, email concerning ██ ████████████████, including but not limited to . . .
>
>> b.  Russel's classified statements to the FBI on August 10, 2009 (CLASS_1360-65).
>
> 11.  Information relating to the distribution of copies of ████████ to persons within the White House, including but not limited to.
>
>> g.  Darlene Bartley's classified statements to the FBI during interviews on August 3, 2009, August 4, 2009, and February 3, 2011 (CLASS_1288-91, 1292-94, 1295-97);
>>
>> h.  Charles Lutes' classified statements to the FBI during an interview on January 28, 2011 (CLASS_1324-29)
>>
>> k.  Matthew Spence's classified statements to the FBI during interviews on August 19, 2009, and April 3, 2012 (CLASS_1373-74, 2891-92),
>>
>> m.  Thomas Donilon's classified statements to the FBI during interviews on September 25, 2009, and August 1, 2012 (CLASS_1307-09, 3045-49);

Def.'s Notice at 3, 4-6. As with Items 5, 13, and 14, the Government objects to Defendant's failure to specify what classified information in these lengthy documents containing a variety of classified information that he reasonably expects to disclose or cause to be disclosed at trial. Gov't's Obj. at 11. Defendant argues that his notice is more than adequate, as it identifies the specific classified information that the defense reasonably expects to disclose at trial by Bates

REDACTED / CLEARED FOR PUBLIC RELEASE

REDACTED / CLEARED FOR PUBLIC RELEASE

number. Def.'s Resp. at 12. Defendant states that he reasonably expects to disclose at trial the portion-marked sections containing classified information. *Id.* As with previous items, the Government again notes its skepticism of this statement that Defendant reasonably expects to disclose or cause to be disclosed all classified information in this document. Gov't's Reply at 14-15. However, the Government provides no evidence to undercut this claim other than the length and amount of classified information contained in these documents. *Id.*

Accordingly, at this point, the Court will adopt its conclusion with request to Items 5 and 14, and not require Defendant to submit a revised notice as to Items 7(a), 7(b), 10(b), 11(g), 11(h), 11(k), and 11(m). Again, the Court understands Defendant to be saying that it is his intention at this point to disclose or cause to be disclosed *all* the classified, portion-marked information in the Bates ranges set out in his notice. Although the classified information in these portions is extensive and varied, and the Government is skeptical of Defendant's representation, the Court must take Defendant's statement at face value, having no evidence in the parties' filings to suggest that his representation is untrue or inaccurate.

As with other items, if the Court misunderstands Defendant on this point or he subsequently reevaluates in light of this opinion his representation that he expects to use all classified information in the Bates ranges noticed, he should use the opportunity already provided to submit a revised CIPA Section 5(a) Notice – for the reasons set out in other sections of this opinion – as a chance to provide greater specificity with respect to Item 13. If Defendant chooses this option upon closer review of whether he reasonably expects to disclose *all* the classified information contained in these documents, he should either specify the paragraphs within these documents that he reasonably expects to disclose, or at least provide the Court and the Government with a list of the topics in these documents for which he reasonably expects to

26

REDACTED / CLEARED FOR PUBLIC RELEASE

disclose classified information. However, while the Court highly recommends Defendant take this path, it does not order it at this time.

## IV. CONCLUSION

For the foregoing reasons, the Government's [180] Objections to the Adequacy of Defendant's Second CIPA Section 5 Notice are **SUSTAINED IN PART** and **OVERRULED IN PART**. Defendant shall submit a revised notice as to Items 7 through 12 generally, Item 13, Items 15 and 16. In addition, Defendant shall submit a revised notice as to Items 7(c), 7(d), 7(e), 7(f), 8(b), 9(b), 10(d). No revised notice is required at this point for Item 5, Item 14, and Items 7(a), 7(b), 7(g), 10(b), 11(g), 11(h), 11(k), and 11(m). An appropriate Order accompanies this Memorandum Opinion.

_/s/_
**COLLEEN KOLLAR KOTELLY**
UNITED STATES DISTRICT JUDGE

REDACTED / CLEARED FOR PUBLIC RELEASE